**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **ROBERT LEE PEARSON,** | ) | |
| | ) | |
|             **Petitioner,** | ) | |
| | ) | |
|       **vs.** | ) | **Case No. CIV-05-452-L** |
| | ) | |
| **RON WARD, Director of DOC,** | ) | |
| | ) | |
|             **Respondent.** | ) | |

**REPORT AND RECOMMENDATION**

On April 21, 2005, Petitioner, a state prisoner appearing *pro se*, filed this action pursuant to 28 U.S.C. § 2254, seeking a writ of habeas corpus. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B). In accordance with Rule 4, Rules Governing Section 2254 Cases, the petition has been promptly examined, and for the following reasons, it is recommended that the petition be dismissed in part as untimely filed under 28 U.S.C. § 2244(d)(1)(A) and in part for failure to state a cognizable habeas claim.

Petitioner is attempting to challenge his conviction upon his pleas of guilty entered on July 3, 1996, in two separate cases, Case Nos. CF-93-7839[1] and No. CF-95-461,[2]

---

[1] Petitioner has attached to the petition the Plea of Guilty Summary of Facts form in Case No. CF-93-7839, showing that on July 3, 1996, Petitioner entered guilty pleas to three drug offenses and one offense of possession of a firearm after a former felony conviction, and received sentences of twenty-five years imprisonment on each count, to be served concurrently with the sentences he received in Case No. CF-95-461.

[2] The Plea of Guilty Summary of Facts form in Case No. CF-95-461, also attached to the petition, shows that on July 3, 1996, Petitioner entered pleas of guilty to two drug offenses and one offense of possession of firearm while committing a felony, for which he was sentenced to twenty-five years of imprisonment on each count, to be served concurrently with the sentences imposed in Case No. CF-93-7839.

District Court of Oklahoma County.³ Petitioner raises the following six grounds for relief. In Ground One, Petitioner claims that his sentences in Case Nos. CF-93-7839 and No. CF-95-461 were improperly enhanced with a stale prior conviction (Case No. CRF-78-1356), and, in a related claim (Ground Two) Petitioner alleges that counsel rendered ineffective assistance by failing to challenge the enhancement of his sentences. In Ground Three Petitioner alleges that he "was denied a post-conviction appeal through no fault of his own." In Ground Four Petitioner claims counsel was ineffective "in Case No. CF-84-5904 where counsel failed to object to the revocation of the suspended sentence originally imposed" based on the State's failure to file an application to revoke. In his fifth ground Petitioner alleges that in his prior felony conviction in Case No. CRF-78-1356, counsel rendered ineffective assistance by failing to object to the absence of a valid waiver of preliminary hearing and formal arraignment. Finally, Petitioner claims that counsel rendered ineffective assistance in Case Nos. CF-93-7839 and CF-95-461 by failing to investigate and challenge the validity of his prior convictions in Case Nos. CF-78-1356 and CF-84-5904.

Discussion

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court is under an obligation to review habeas petitions promptly and to summarily dismiss a petition

---

³Petitioner has submitted a copy of a state court document indicating that on July 27, 2000, the Judgment and Sentence in Case No. CF-93-7839 was amended. In an order denying Petitioner's application for post-conviction relief, the district court *sua sponte* found that although Petitioner pled guilty to possession of a controlled dangerous substance with intent to distribute (cocaine base) in Count Two of Case No. CF-93-7839, he had actually been charged with possession of a controlled dangerous substance. Petition, Ex. 7. The court ordered that the Judgment and Sentence be amended as to Count 2 to reflect the correct charge, and the court reduced Petitioner's sentence on this count from twenty-five years to twenty years imprisonment. *Id.*

"[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief . . . ." For the reasons discussed hereafter, the undersigned finds that the instant habeas action was untimely filed, and it is therefore recommended that the action be dismissed.[4]

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which took effect on April 24, 1996, amended 28 U.S.C. § 2244 to provide that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court," running from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

---

[4]It is proper to raise the issue of the timeliness of a petition for writ of habeas corpus *sua sponte*. *See Williams v. Boone*, No. 98-6357, 1999 WL 34856 (10th Cir. Jan. 28, 1999)(affirming this Court's *sua sponte* dismissal of an untimely habeas corpus petition under Rule 4). This and other unpublished dispositions cited herein are cited as persuasive authority pursuant to Tenth Circuit Rule 36.3. *See also Acosta v. Artuz*, 221 F.3d 117, 123-24 (2d Cir. 2000) (citing *Williams* and holding that district courts may raise the AEDPA statute of limitations *sua sponte*); *Kiser v. Johnson*, 163 F.3d 326, 328-29 (5th Cir. 1999)(finding that district courts may raise the period of limitation defense *sua sponte* under Rule 4).

Moreover, the undersigned's *sua sponte* consideration of whether the petition is time-barred will not prejudice Petitioner because he has an opportunity to be heard on the matter by filing a timely objection to this Report and Recommendation. *See Smith v. Dorsey*, No. 93-2229, 1994 WL 396069 (10th Cir. July 29, 1994) (finding "no due process problem" where magistrate judge raised issue of procedural bar *sua sponte* and petitioner had opportunity to object to report and recommendation prior to district court's adoption thereof).

28 U.S.C. § 2244(d)(1)(A)-(D). As a general rule, the period of limitation under this statute runs from the date the judgment became "final" as provided by Section 2244(d)(1)(A), unless the petitioner alleges facts that would implicate the provisions set forth in Section 2244(d)(1)(B), (C), or (D). Additionally, in calculating the limitation period for actions under 28 U.S.C. § 2254, federal courts are required to toll the time a petitioner spent seeking "[s]tate post-conviction or other collateral review with respect to the pertinent judgment or claim...." *See* 28 U.S.C. § 2244(d)(2); *Hoggro v. Boone*, 150 F.3d 1223, 1226 (10th Cir. 1998).

Petitioner entered his pleas of guilty and was sentenced in each case on July 3, 1996. *See* Petition at 1. Under Oklahoma law, in order to appeal from a conviction on a guilty plea, a defendant must file an application to withdraw a guilty plea within ten days after the pronouncement of a judgment and sentence. *See* Rule 4.2(A), Rules of the Oklahoma Court of Criminal Appeals (OCCA) (to appeal from a conviction on a plea of guilty the defendant must file an application to withdraw the plea within ten days from the date of the pronouncement of judgment and sentence). Petitioner admits that he did not appeal his conviction. Petition at 2. Therefore, his conviction became final for purposes of § 2244(d)(1)(A) on July 15, 1996.[5] *Fisher v. Gibson*, 262 F.3d 1135, 1142 (10th Cir. 2001) (holding petitioner's three convictions pursuant to the entry of guilty pleas were final ten days after entry of each judgment and sentence where petitioner failed to appeal each conviction, citing OCCA Rule 4.2). Absent any tolling events, Petitioner was

---

[5] The tenth calendar day fell on July 13, 1996, which was a Saturday. Thus, Petitioner's convictions became final on the following business day which was Monday, July 15, 1996. *See* Okla. Stat. tit. 12, § 2006(A).

required to file his federal habeas petition within one year – by July 15, 1997. *See Malone v. State*, Nos. 03-6246, 03-6175, 2004 WL 1249850, at *1 (10th Cir. June 8, 2004) (the one-year limitation period should be calculated using anniversary date method) (citing *United States v. Hurst*, 322 F.3d 1256, 1260-61 (10th Cir. 2003)). However, Petitioner did not initiate the present action until February 9, 2004 at the earliest.[6] Thus, absent statutory or equitable tolling of the limitation period, the petition is untimely under § 2244(d)(1).

Petitioner failed to file a state post-conviction action within the one-year limitation period, and therefore the tolling provisions of § 2244(d)(2) do not apply.[7] *See e.g., Fisher v. Gibson*, 262 F.3d 1135, 1142-43 (10th Cir. 2001) (finding petitioner's federal habeas petitions were not tolled for time spent in state post-conviction proceedings because his applications were not filed until after the end of the applicable one-year grace period);

---

[6] The Court Clerk file-stamped the petition on April 21, 2005. However, the petition is deemed "filed" when Petitioner deposited it in the prison mail system. *See Hoggro v. Boone*, 150 F.3d 1223, 1226 n.3 (10th Cir. 1998); *see also Houston v. Lack*, 476 U.S. 266, 276 (1988) (holding that a prisoner's notice of appeal is deemed "filed" when he delivers it "to prison authorities for forwarding to the district court"). Even liberally construing Petitioner's petition as considered filed as of February 9, 2005, the date he certified that he signed the petition, Petitioner's habeas action is untimely.

[7] Petitioner has submitted documents showing that on May 19, 2000, he filed an application for post-conviction relief in the Oklahoma County District Court, Case Nos. CF-93-7839 and CF-95-461, alleging that his sentences were improperly enhanced with a stale conviction and counsel provided ineffective assistance with respect to the enhancement issue. *See* Petition, Ex. 7 (Oklahoma County District Court Order Denying Application for Post-Conviction Relief and Order Amending Judgment and Sentence, dated July 27, 2000), and Ex. 1 (OCCA Order Affirming Denial of Post-Conviction Relief, dated January 17, 2005, stating Petitioner's post-conviction application was filed on May 19, 2000). On July 27, 2000, the district court denied post-conviction relief but as previously noted, the court *sua sponte* amended the Judgment and Sentence as to Count Two in Case No. 93-7839. Petition, Ex. 7. Petitioner attempted to appeal the district court's decision; however, on September 12, 2000, the OCCA issued an order declining jurisdiction and dismissing Petitioner's appeal as untimely. Petition, Ex. 3 (OCCA Order Declining Jurisdiction and Dismissing Attempted Post-Conviction Appeal, Case No. PC-2000-1126). Thereafter, Petitioner filed a second post-conviction action seeking an out of time appeal in Case Nos. CF-78-1356, CF-84-5904, CF-93-7839 and CF-95-461 based on ineffective assistance of counsel, which application was denied on December 13, 2004. Petition at 4 and Ex. 1. Petitioner appealed and on January 18, 2005, the OCCA affirmed the denial of post-conviction relief. Petition, Ex. 1.

*Barnes v. Booher*, No. 00-7066, 2000 WL 1346234, *1 (10th Cir. Sept. 19, 2000) (because petitioner's state petition for post-conviction relief was not filed until § 2244(d)'s limitation period had already expired, that petition did not serve to toll the limitation period under § 2244(d)(2)).

Although Petitioner does not directly raise a claim based on the Oklahoma County District Court's amendment of his judgment and sentence in Case No. CF-93-7839 on July 27, 2000, to the extent the petition may be liberally read to raise a such a claim, that claim is also time-barred. Under 28 U.S.C. § 2244(d)(1)(d), the one-year limitation period begins running from the "date on which the factual predicate for the claim or claims presented could have been discovered through the exercise of due diligence." Petitioner makes no showing as to when he discovered the district court's ruling, but one can assume that Petitioner knew of the amendment shortly after the district court issued the July 27, 2000, order, or at the latest by September 12, 2000, the date the OCCA dismissed his post-conviction appeal as untimely. Thus, the applicable limitation period concerning any claim relating to the amended judgment and sentence would have expired on September 12, 2001, at the latest. Therefore, Petitioner's habeas action is not saved by a consideration of the later triggering mechanism in § 2244(d)(1)(D).

The Tenth Circuit has recognized that "§ 2244(d) is not jurisdictional and as a limitation may be subject to equitable tolling." *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). However, equitable tolling is appropriate only "in rare and exceptional circumstances," such as when a prisoner is actually innocent, when uncontrollable circumstances prevent the prisoner from timely filing, or when the prisoner actively

pursued judicial remedies but filed a defective pleading during the statutory period. *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (quotations and citations omitted). Simple excusable neglect is not sufficient. *Id.* at 811. The burden is on the petitioner to demonstrate the circumstances that justify equitable tolling. *Miller*, 141 F.3d at 977. Simple excusable neglect is not sufficient. *Gibson*, 232 F.3d at 811. Moreover, Petitioner must show that he diligently pursued his federal habeas claims. *Miller*, 141 F.3d at 978; *see also Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (noting that equitable tolling "is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control").

Petitioner does not allege any facts suggesting actual innocence, uncontrollable consequences or the filing of defective pleadings during the statutory period. Petitioner has shown neither due diligence in pursuing his claims nor "extraordinary circumstances" which prevented him from preparing and filing his habeas petition by July 15, 1997. *See Marsh*, 223 F.3d at 1220 (noting that equitable tolling "is only available when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control"); *Miller*, 141 F.3d at 978 (same). Petitioner entered his pleas of guilty on July 3, 1996, and made no effort to challenge such pleas in the state courts until May 2000, over three years after the § 2244(d)(1)(A) limitations period had expired. Petitioner did not file his federal habeas petition relief until April of 2005, over seven years after the limitations period had expired. The record contains no compelling explanation for Petitioner's lack of diligence.

Petitioner has therefore failed to show sufficient reason to compel this Court's exercise of equitable tolling power. For this reason, equitable tolling principles should not be applied and the petition should be dismissed as untimely pursuant to 28 U.S.C. § 2244(d)(1)(A).

The undersigned further notes that in Ground Three, Petitioner seeks habeas relief based on the state district court's December 13, 2004, denial of his application for post-conviction relief seeking an appeal out of time, and the OCCA's subsequent affirmance of that denial. Petition at 10. Even assuming the claim in Ground Three was raised timely under 28 U.S.C. § 2244(d)(1)(D),[8] it would fail as a matter of law. It is well established that the federal writ of habeas corpus reaches only convictions in violation of the United States Constitution, laws, or treaties. *See e.g. Mabry v. Johnson*, 467 U.S. 504, 507 (1984); *Pulley v. Harris*, 465 U.S. 37, 41 (1984); *Smith v. Phillips*, 455 U.S. 209, 221 (1982); *Brinlee v. Crisp*, 608 F.2d 839, 843 (10th Cir. 1979). In this regard, the Supreme Court has stated that "[f]ederal courts have no supervisory authority over state judicial proceedings and may intervene only to correct wrongs of constitutional dimension." *Smith v. Phillips*, 455 U.S. at 221.

Moreover, the Tenth Circuit Court of Appeals has held that an attempt by a habeas petitioner to challenge state "post-conviction procedures on their face and as applied to him would fail to state a federal constitutional claim cognizable in a federal habeas proceeding." *Steele v. Young*, 11 F.3d 1518, 1521, 1524 (10th Cir. 1993); *see also Sellers v. Ward*, 135 F.3d 1333, 1339 (10th Cir. 1998) (holding that an alleged deprivation of due

---

[8] Pursuant to 2244(d)(1)(D), this would be the date Petitioner discovered the factual predicate of his claim regarding the post-conviction process.

process based on the state appellate court's refusal to grant post-conviction review was not cognizable on federal habeas corpus "because the constitutional error he raises focuses only on the State's post-conviction remedy and not the judgment which provides the basis for his incarceration"); *Hopkinson v. Shillinger*, 866 F.2d 1185, 1219-20 (10th Cir. 1989) (holding that alleged procedural deficiency in state's scheme for post- conviction relief did not rise to the level of a federal constitutional claim cognizable in habeas corpus since even if state post-conviction petition was dismissed arbitrarily, petitioner could present anew to the federal courts any claim of violation of his federal constitutional rights); *Graves v. Boone*, No. 99-7013, 1999 WL 1079626 *2 ( 10th Cir. Nov. 30, 1999) ("Mr. Graves' challenges to Oklahoma's post- conviction procedures do not amount to federal constitutional claims in a federal habeas action.") (citing *Steele, supra*).

Therefore, Petitioner's challenge to Oklahoma post-conviction procedures fails to state the deprivation of a federal constitutional right, and it is apparent from the face of the petition that he is not entitled to habeas relief on such claim. Thus, this claim should also be summarily dismissed on filing.

## RECOMMENDATION

For the reasons discussed herein, it is the recommendation of the undersigned Magistrate Judge that with the exception of Ground Three the petition be dismissed upon filing as time-barred pursuant to 28 U.S.C. § 2244(d)(1)(A). It is further recommended that the claim in Ground Three be dismissed for failure to state a cognizable claim for habeas relief. Petitioner is advised of his right to object to this Report and Recommendation by the 12th day of July, 2005, in accordance with 28 U.S.C. § 636 and Local Civil Rule 72.1.

Petitioner must file any objections with the Clerk of this Court. Petitioner is further advised that failure to make timely objection to this Report and Recommendation waives any right to appellate review of both factual and legal issues contained herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED this 22nd day of June, 2005.

BANA ROBERTS
UNITED STATES MAGISTRATE JUDGE